IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

RICKY A. JOHNSON, et al.,

                Plaintiffs,

v.                                            CIVIL ACTION NO. 5:17-cv-03536

PINNACLE MINING COMPANY,
LLC, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Kenny Clay's Motion to Dismiss* (Document 5), the *Memorandum of Law in Support of Kenny Clay's Motion to Dismiss* (Document 6), the *Plaintiffs' Memorandum of Law in Support of Their Response to Defendant Clay's Motion to Dismiss* (Document 8), and the *Reply in Support of Kenny Clay's Motion to Dismiss* (Document 9). In addition, the Court has reviewed the *Plaintiff's Motion to Remand* (Document 11), the *Memorandum of Law in Support of Plaintiffs' Motion to Remand* (Document 12), the *Response of Pinnacle Mining Company, LLC, Seneca Coal Resources, LLC, Seneca North American Coal, LLC and Kenny Clay in Opposition to Plaintiffs' Motion to Remand* (Document 14), and the *Plaintiffs' Reply to the Response of Pinnacle Mining Company, LLC, et al, to Plaintiffs' Motion to Remand* (Document 15). The Court has also reviewed the *Plaintiffs' Motion to Amend Complaint* (Document 16), the attached *Proposed Amended Complaint* (Document 16-1), and the *Response of Pinnacle Mining Company, LLC, Seneca Coal Resources, LLC, Seneca North American Coal, LLC and Kenny Clay in*

*Opposition to Plaintiffs' Motion to Amend Complaint* (Document 20). In addition, the Court has reviewed the Plaintiffs' *Complaint* (Document 1-1) and the Defendants' *Notice of Removal* (Document 1). For the reasons stated herein, the Court finds that the Defendants' motion to dismiss should be granted, and the Plaintiffs' motion to remand and motion to amend should be denied.

**FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

The Plaintiffs, Ricky Johnson and his wife, Melissa Johnson, filed this suit in the Circuit Court of Wyoming County, West Virginia. They named the following Defendants: Pinnacle Mining Company, LLC, Seneca Coal Resources, LLC, Seneca North American Coal, LLC, Cliffs Natural Resources, Inc., and Kenny Clay. The Defendants removed the case to federal court on July 6, 2017, asserting that Mr. Clay was fraudulently joined, and diversity jurisdiction exists absent consideration of his residency.

Pinnacle Mining Company, LLC employed Mr. Johnson at its coal preparation plant until June 21, 2015. Kenny Clay was a foreman, manager, or supervisor at Pinnacle. On June 21, 2015, Mr. Clay instructed Mr. Johnson to remove a large pipeline by using a cutting torch to sever the metal bands holding it to a steel beam at least ten (10) feet above the floor. The scissors lift at the plant was inoperable, so the Defendants instructed employees to create a work platform by placing a wooden pallet on the lifting forks of a forklift. Mr. Johnson was lifted up on the platform, but "realized if he cut the bands while standing on the pallet the pipeline would fall on him." (Compl. at ¶ 12.) He climbed onto the steel beam in order to cut the bands. In addition to the pipeline Mr. Johnson was attempting to remove, an unmarked plastic delivery line carrying flammable alcohol was attached to the steel beam. Mr. Johnson was unaware of the alcohol

2

delivery line, but alleges that the Defendants "knew or should have known that the alcohol in the delivery line was flammable, and a hazardous chemical." (*Id.* at ¶ 15.) "As Mr. Johnson cut one of the bands holding the pipeline, sparks and/or debris from the cutting torch fell onto the alcohol delivery line, causing it to puncture and leak alcohol, which in turn exploded in a flash and caught fire." (*Id.* at ¶ 17.) Mr. Johnson was startled and fell from the steel beam. He was not wearing a harness or fall protection, and suffered a severely broken ankle and other injuries.

The Plaintiffs further allege that the Defendants did not follow regulations related to employee training and inspections for flammable or hazardous materials. They detail the specific regulations with which they allege the Defendants failed to comply. The Plaintiffs also assert that the Defendants attempted to cover up the violations that caused Mr. Johnson's injury, and in the process, violated regulations requiring that they report and record a hazardous condition and conduct an adequate investigation of injuries. The Plaintiffs further assert that the Defendants made a false report of serious injury to a miner and altered the scene of the accident prior to conducting the investigation.

Defendant Kenny Clay filed a motion to dismiss the claims against him on July 13, 2017. On August 7, 2017, shortly after briefing was completed on Mr. Clay's motion to dismiss, the Plaintiffs filed a motion to remand. That motion was fully briefed on August 28, 2017, and on August 29, 2017, the Plaintiffs filed a motion to amend the complaint. Because the issues in the three motions are related, the Court will address all three together.[1]

---

1 Although the Court is considering the motions together, the Court has applied the fraudulent joinder standard to consider the propriety of Mr. Clay's inclusion in this litigation, rather than the standard application to motions brought pursuant to Rule 12(b)(6), as jurisdiction typically must be established before resolution of other matters.

**STANDARD OF REVIEW**

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[2] This Court has original jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1)-(2). Generally, every defendant must be a citizen of a state different from every plaintiff for complete diversity to exist. Diversity of citizenship must be established at the time of removal. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).

Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441. Section 1446 requires that "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Additionally, Section 1446 requires a defendant to file a notice of removal within thirty days after receipt of the initial pleading. It is the long settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008);

---

2  Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

*Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). Accordingly, in this case, the removing defendant has the burden to show the existence of diversity jurisdiction by a preponderance of the evidence. *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W.Va. Aug. 26, 2009) (Faber, J.) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp. 2d 481,488 (S.D. W.Va. 2001)). In deciding whether to remand, because removal by its nature infringes upon state sovereignty, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

"The "fraudulent joinder" doctrine permits removal when a non-diverse party is (or has been) a defendant in the case . . . . This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The Fourth Circuit sets a high standard for defendants attempting to demonstrate fraudulent joinder: "[T]he removing party must establish either: that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or; that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* at 464 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis in original; brackets removed). Courts may consider the record beyond the pleadings to "determine the basis of joinder" and "whether an attempted joinder is fraudulent." *AIDS Counseling & Testing Centers v. Grp. W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990) (internal quotation marks and citations omitted).

The Fourth Circuit has described the standard for fraudulent joinder as "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley*, 187 F.3d at 424. Furthermore, "all legal uncertainties are to be resolved in the plaintiff's favor in determining whether fraudulent joinder exists" and "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Id.* at 425 (internal quotation marks removed).

The Hartley court went on to explain:

> In all events, a jurisdictional inquiry is not the appropriate stage of litigation to resolve these various uncertain questions of law and fact. Allowing joinder…is proper in this case because courts should minimize threshold litigation over jurisdiction. *See Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 464 n. 13, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980) ("Jurisdiction should be as self-regulated as breathing; ... litigation over whether the case is in the right court is essentially a waste of time and resources." (internal quotation marks omitted)). Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss. The best way to advance this objective is to accept the parties joined on the face of the complaint unless joinder is clearly improper. To permit extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdictional rules.

*Id.*

## DISCUSSION

The Defendants assert that Mr. Clay is fraudulently joined in this action and should be dismissed. Mr. Clay is the only Defendant who shares the Plaintiffs' West Virginia citizenship, and so his dismissal would create complete diversity of citizenship for jurisdictional purposes. Mr. Clay asserts that only an employer may be liable for deliberate intent under W.Va. Code § 23-4-2(d)(2)(ii), and supervisors, managers, foreman, and other individual agents or representatives of the employer are not proper defendants.

6

The Plaintiffs assert that Mr. Clay may be liable under W.Va. Code 23-4-2(d)(2)(i)—that he may have specifically intended to cause Mr. Johnson's injury. Under that section, individuals may properly be named as defendants. In addition, the Plaintiffs assert that they stated a claim for spoliation of evidence against all Defendants, including Mr. Clay. They also question whether Defendant Cliffs Natural Resources, which has not answered the complaint or appeared, has adequately consented to removal. The Plaintiffs urge the Court to deny the motion to dismiss Mr. Clay and remand this matter for lack of jurisdiction. They also seek to amend their complaint to more fully state their claim for spoliation of evidence.

The Defendants argue the factual allegations in the Plaintiffs' complaint do not support a claim under W.Va. Code § 23-4-2(d)(2)(i), and that the complaint does not assert a spoliation claim. Even if it did, they argue that any spoliation claim could not survive because the West Virginia worker's compensation statute "removes from the common law tort system all disputes between employers and employees regarding compensation to be received for [workplace] injuries or death." (Def. Clay's Reply in Supp. of Mot. to Dismiss at 1) (citing *Abner v. Arch Coal, Inc.*, No. 5:13-cv-25858, 2014 WL 279694, at *3 (S.D. W. Va. Jan. 23, 2014) (Berger, J.) (internal punctuation, quotations, and emphasis removed). The Defendants also note that a party may not amend a pleading in order to deprive the Court of jurisdiction following removal.

The Court finds that Mr. Clay's motion to dismiss should be granted, and the Plaintiffs' motions to remand and to amend should be denied. In a removed case, jurisdictional facts are considered based on the pleadings and information presented at the time of removal, and "the Court cannot consider post-removal filings 'to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court.'" *Dotson v. Elite Oil Field Servs.*,

*Inc.*, 91 F. Supp. 3d 865, 870 (N.D.W. Va. 2015) (quoting from *Griggs v. State Farm Lloyds,* 181 F.3d 694, 700 (5th Cir.1999)); *see also McCoy v. Norfolk S. Ry. Co.*, 858 F. Supp. 2d 639, 651 (S.D.W. Va. 2012) (Copenhaver, J.) (denying a motion to amend to cure pleading defects against a non-diverse defendant as futile because "the operative pleading for the purposes of a motion to remand is that which existed at the time of removal.") Thus, the Court will consider the motion to dismiss and to remand based on the original complaint, and therefore, deny the motion to amend.

The factual allegations in the original complaint support a claim for deliberate intent under W.Va. Code § 23-4-2(ii). There are no factual allegations that, if proven true, would result in liability for Mr. Clay under § 23-4-2(d)(2)(i), as the complaint does not contain allegations of any specific intent to harm Mr. Johnson. West Virginia precedent is clear that "West Virginia Code § 23-4-2(d)(2)(ii) provides for a 'deliberate intent' cause of action against an employer only. A non-employer 'person'…may not be made a defendant." Syl. Pt. 6, *Young v. Apogee Coal Co., LLC*, 753 S.E.2d 52, 54 (W. Va. 2013). Federal courts in West Virginia have found supervisors or co-employees to be fraudulently joined in other cases addressing jurisdiction in deliberate intent cases where the individual defendant would destroy diversity. *See, e.g.*, *Evans v. CDX Servs., LLC*, 528 F. Supp. 2d 599, 605 (S.D.W. Va. 2007) (Johnston, J.); *Adkins v. Consolidation Coal Co.*, 856 F. Supp. 2d 817, 825 (S.D.W. Va. 2012) (Copenhaver, J.); *O'Brien v. Falcon Drilling Co. LLC*, No. 5:15CV13, 2015 WL 1588246, at *5 (N.D.W. Va. Apr. 9, 2015). Because there is no possibility that the Plaintiffs could recover against Mr. Clay on the claim pled in the original complaint, the Court finds that Mr. Clay has demonstrated fraudulent joinder, and his motion to dismiss should be granted. The Court further finds the Defendants' assertion in the notice of removal that all Defendants consented to be sufficient to establish unanimity absent any evidence

to the contrary. *Mayo v. Bd. of Educ. of Prince George's Cty.*, 713 F.3d 735, 739 (4th Cir. 2013) ("we conclude that a notice of removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal"). Therefore, the motion to remand should be denied.

## CONCLUSION

Wherefore, after thorough review and careful consideration, for the reasons stated herein, the Court **ORDERS** that *Kenny Clay's Motion to Dismiss* (Document 5) be **GRANTED** and that Defendant Kenny Clay be **DISMISSED** from this matter. The Court further **ORDERS** that the *Plaintiff's Motion to Remand* (Document 11) and the *Plaintiffs' Motion to Amend Complaint* (Document 16) be **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: October 13, 2017

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA