IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

RICKY A. JOHNSON, et al.,

                    Plaintiffs,

v.                                                  CIVIL ACTION NO. 5:17-cv-03536

PINNACLE MININIG COMPANY,
LLC, et al.,

                    Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed *Seneca Coal Resources, LLC's Motion to Dismiss* (Document 36), *Cliffs Natural Resources, Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint* (Document 38), *Seneca North American Coal, LLC's Motion to Dismiss* (Document 39), *Pinnacle Mining Company, LLC's Motion to Dismiss* (Document 42), and *Cliffs Natural Resources, Inc.'s Joinder in Motions to Dismiss of Seneca Coal Resources, LLC and Seneca North American Coal, LLC* (Document 44). The Court has also reviewed the Defendants' respective memoranda in support, the Plaintiffs' responses to each motion, the Defendants' replies, all attached exhibits, and the Plaintiffs' *Amended Complaint* (Document 33). For the reasons stated herein, the Court finds that the motions should be granted in part and denied in part.

### FACTUAL ALLEGATIONS

The Plaintiffs, Ricky A. Johnson and his wife, Melissa A. Johnson, brought this action against Defendants Pinnacle Mining Company, LLC (Pinnacle), Seneca Coal Resources, LLC

(Seneca), Seneca North American Coal, LLC (SNAC), and Cliffs Natural Resources, Inc. (Cliffs). The Court previously granted a motion to dismiss an individual Defendant, Kenny Clay, and denied a motion to remand the matter to state court.

The Plaintiffs allege that Mr. Johnson was employed by Pinnacle at the Pinnacle Mining Preparation Plant. SNAC, then known as Cliffs North American Coal, LLC, owned Pinnacle. Seneca is currently the owner of SNAC. Cliffs was the owner of Cliffs North American Coal, LLC, at the time of the events alleged in the amended complaint. One or more Defendants decided to replace a large pipeline in the prep plant. The pipeline was attached to a steel beam approximately ten feet above the floor. On June 21, 2015, a foreman instructed Mr. Johnson to use a cutting torch to sever the metal bands attaching the pipeline to the beam. The scissors lift was inoperable, and so the foreman instructed workers to create a work platform by placing a wooden pallet onto the lifting forks of a forklift. The foreman oversaw and directed Mr. Johnson in the task of cutting the metal bands to remove the pipeline. Mr. Johnson stood on the pallet and was lifted to the steel beam, but realized that if he cut the bands holding the pipeline from his position, the pipeline would fall on him. He therefore climbed onto the steel beam to cut the bands from above, rather than below, the pipeline.

An unmarked plastic delivery line containing flammable alcohol was attached to the steel beam in the area where Mr. Johnson was cutting. Sparks or debris from the cutting torch hit the alcohol delivery line, causing an explosion and fire. The explosion startled Mr. Johnson, and he fell from the steel beam. He was not wearing a harness or fall protection. Mr. Johnson suffered a broken ankle and other injuries. He claims medical expenses totaling $144,274.52, loss of

income and loss of future earning potential, physical pain and disability, loss of enjoyment of life, mental anguish and emotional distress. Ms. Johnson asserts loss of consortium.

Mr. Johnson asserts a claim of deliberate intent against all of the Defendants, alleging that they did not have a training and inspection program to ensure safety around hazardous materials. He alleges that the Defendants violated various regulations regarding safe access to workplaces, welding or cutting near combustible materials, safety when working with a danger of falling, correcting imminent dangers, and examining working areas for hazardous conditions. He further alleges that the Defendants knew of the dangerous conditions and willfully exposed him to danger, and attempted to cover up their violations after his accident.

Mr. Johnson further asserts a claim against all of the Defendants for maintaining an unsafe workplace and negligence. He asserts that each Defendant "controlled, operated and managed the activities at [the Pinnacle plant] including the processing of coal, the design, construction, maintenance, and care of the plant, the premises and the machinery therein, the budget, and the safety and training for the personnel." (Am. Compl. at ¶ 30.) In doing so, Mr. Johnson alleges that the Defendants disregarded safety regulations and failed to maintain a reasonably safe place to work, resulting in his accident and injuries.

Each Defendant has filed a motion to dismiss. The motions are fully briefed and ripe for ruling.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "[T]he legal sufficiency of a complaint

is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)" *Id*. Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court must "accept as true all of the factual allegations contained in the complaint." *Erikson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Furthermore, the Court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice… [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570.) In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 570.) In the

4

complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557.) "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

Each Defendant moves to dismiss for failure to state a claim. All of the Defendants assert that the factual allegations demonstrate that Mr. Johnson's injuries were the result of his voluntary act in moving from the pallet on a forklift to the beam to detach the pipeline. As the employer, Pinnacle's motion focused on the deliberate intent claim, arguing that the amended complaint does not sufficiently allege facts supporting deliberate intent under West Virginia law. The remaining Defendants argue that they cannot be liable for deliberate intent because they were not Mr. Johnson's employer, and that the amended complaint does not contain factual allegations detailing their ownership or control over the facility that could support a negligence claim. In response, the Plaintiffs argue that the allegations in the complaint are sufficient to state a claim against each Defendant. The Plaintiffs argue that Cliffs Natural Resources and SNAC are parent corporations of Pinnacle and "whether the parent entity is sufficiently insulated from its subsidiaries...[is] a matter of proof" not suitable for consideration on a motion to dismiss. (Document 50 at 3.) Seneca, the Plaintiffs assert, owns the assets and liabilities of Pinnacle and SNAC, and therefore the amended complaint "does state a claim to the extent it states a claim against the subsidiaries of Seneca Coal Resources." (Document 52 at 1.)

A. *Deliberate Intent*

"West Virginia law expressly provides an exemption from employee civil liability claims for work-related injuries to employers who are in good standing with the Workers' Compensation laws of the state W. Va. Code § 23-2-6 (1991)." *Sedgmer v. McElroy Coal Co.*, 640 S.E.2d 129, 132 (W. Va. 2006) (per curiam.) "The Legislature also expressly provided that this immunity is not absolute in the area of "deliberate intention" injuries, setting forth mandatory requirements at [W. Va. Code § 23-4-2(d)], which must be met before an employer's immunity is lost and an employee may recover outside the workers' compensation system." *Id.* at 133.

W. Va. Code § 23-4-2(d)(ii) sets forth the five elements that a Plaintiff must prove to establish a deliberate intent cause of action:

> (A)  That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
>
> (B)  That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;
>
> (C)  That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and

(E) That the employee exposed suffered serious compensable injury or compensable death . . . as a direct and proximate result of the specific unsafe working condition.

W. Va. Code § 23-4-2(d)(ii)(A)-(E).[1]

Proximate cause is "that cause which in actual sequence, unbroken by any independent cause, produces the event and without which the event would not have occurred." *Skaggs v. Kroger Co./Kroger Ltd. P'ship I*, 788 F. Supp. 2d 501, 510 (S.D.W. Va. 2011) (quoting *Johnson v. Mays,* 447 S.E.2d 563, 568 (W. Va. 1994) (Copenhaver, J.)   Where there is conflicting evidence, or the undisputed evidence permits conflicting interpretations, proximate cause is a question for the jury. *Id.*   However, the West Virginia Supreme Court of Appeals has held that employers may not assert an employee's contributory negligence as a defense in deliberate intent actions. Syl. Pt. 8, *Roberts v. Consolidation Coal Co.*, 539 S.E.2d 478, 483 (W. Va. 2000).   In any case "where an employee creates a specific unsafe working condition by not following expected procedure, a deliberate intention action cannot be maintained against the employer." *Mumaw v. U.S. Silica Co.*, 511 S.E.2d 117, 123 (W. Va. 1998) (after hoisting a piece of equipment through a trapdoor, the employee responsible for closing the trapdoor failed to do so and fell).

Here, Mr. Johnson alleges that he was injured because (a) he was instructed to cut near an unmarked line carrying flammable material and (b) he was not provided with fall protection or safety equipment for work approximately ten (10) feet high.   The impact of his move from the

---

1 West Virginia's deliberate intent statute was amended effective June 12, 2015, with the amendments applicable to injuries occurring on or after July 1, 2015.   The Court has applied the previous version of the statute, as Mr. Johnson alleges injuries that occurred on June 21, 2015.

7

pallet on a forklift below the pipeline to the beam will require further factual development. Viewing the factual allegations and reasonable inferences in Mr. Johnson's favor, his decision to move does not defeat his claim. As noted above, contributory negligence on the part of the employee is not a defense, and the facts alleged, if proven, could support a finding that the lack of fall protection and the unmarked hazardous material were the proximate cause of Mr. Johnson's injuries.

The Court finds that Mr. Johnson has alleged specific unsafe working conditions which presented a high degree of risk and strong probability of serious injury or death. He has presented allegations sufficient to find or to infer that the employer had actual knowledge of the unsafe conditions. Mr. Johnson has alleged that the unsafe conditions violated statutes, rules, regulations, and/or safety standards. He has further alleged that he was exposed to those unsafe conditions and suffered injuries as a result, including a broken ankle, when he fell after the flammable material exploded and caught fire. Given Mr. Johnson's allegations, the Court finds that he has stated a deliberate intent claim against Pinnacle, and the motion to dismiss Count One should be denied as to Pinnacle.

The Court finds that the deliberate intent claim cannot proceed against the remaining Defendants because the Plaintiffs do not allege that they were employers. The Plaintiffs rely on corporate relationships between Pinnacle, as Mr. Johnson's employer, and the remaining Defendants. However, the amended complaint does not contain any facts or claims to support piercing the corporate veil. Therefore, the motions to dismiss Count One should be granted as to Seneca, SNAC, and Cliffs.

### B. Unsafe Workplace/Negligence

The basic elements of a negligence claim are duty, breach of that duty, causation, and damages. "In order to establish a negligence claim in West Virginia, '[a] plaintiff must prove by a preponderance of the evidence that the defendant owed a legal duty to the plaintiff and that by breaching that duty the defendant proximately caused the injuries of the plaintiff.'" *Cline v. 7-Eleven, Inc.*, 2012 WL 5471761 (N.D.W. Va. Nov. 9, 2012) (citing *Neely v. Belk, Inc.,* 668 S.E.2d 189, 197 (W.Va. 2008)). West Virginia Code § 21-3-1 establishes a duty of employers and owners of places of employment to maintain safe premises. That section provides, as relevant: "Every employer and every owner of a place of employment, place of public assembly, or a public building, now or hereafter constructed, shall so construct, repair and maintain the same as to render it reasonably safe." W. Va. Code § 21-3-1. The West Virginia Supreme Court has explained:

> The employer's duty is directly related to employment activity—activity controlled by the employer—and the owner's duty is limited to providing a reasonably safe workplace, unless the owner continues to exercise control of the place of employment. When the owner of a place of employment provides a reasonably safe workplace and exercises no control thereafter, the owner has complied with the responsibilities imposed under *W.Va.Code* 21–3–1 [1937].

*Henderson v. Meredith Lumber Co.*, 438 S.E.2d 324, 326–27 (W. Va. 1993). The court has further held that "[t]he 'reasonably safe place to work' theory may not be used against the owner of a place of employment when the owner exercises no control over the equipment provided by the contractor for use by the contractor's employees." Syl. pt. 9, *Kerns v. Slider Augering & Welding, Inc.*, 505 S.E.2d 611, 613 (W. Va. 1997).

Judge Copenhaver recently considered the application of the statute, and concluded that "the touchstone of ownership in this context is 'control' of the subject premises." *Grose v. W.*

9

*Virginia Alloys, Inc.*, No. CV 15-3818, 2016 WL 2587190, at *4 (S.D.W. Va. May 4, 2016) (Copenhaver, J.). In *Grose*, Globe Metallurgical owned a 51% interest in WVAM, which owned and operated a plant where the plaintiff was injured. WVAM managers and safety personnel stated that they were subordinate to managers from Globe Metallurgical. *Id.* at *5. Although Globe Metallurgical was not the owner of the plant, Judge Copenhaver found that it was not entitled to summary judgment on the plaintiff's negligence claim under W. Va. Code § 21-3-1, based on evidence that "managers affiliated with Globe Metallurgical or its parent company, Globe Specialty, were closely involved in [safety and compliance] matters." *Id.* at *4.

Mr. Johnson asserts that each Defendant owned, controlled, managed, and operated the Pinnacle plant, and therefore had a duty to provide a safe workplace. Although the amended complaint does not detail the scope of responsibility or management as to each Defendant, the Court finds that the allegations are sufficient to state a claim at this stage.[2] Parent corporations that retain control over safety and compliance issues may be liable under Section 21-3-1. Each Defendant is alleged to have exercised such control, and so the Court finds that the motions to dismiss should be denied as to Cliffs, Seneca, and SNAC. However, Pinnacle, as Mr. Johnson's employer, is immunized from any liability outside the workers' compensation and deliberate intent statutory scheme. *Grose*, 2016 WL 2587190 at *3 (noting that an employer is immunized from negligence claims by the workers' compensation framework, but permitting common law

---

2 The non-employer Defendants argue that corporate records show that they do not own property in West Virginia. Because control of the premises is a fact-specific inquiry, the Court finds that the type of evidence reviewable on a motion to dismiss is not sufficient to resolve the question of whether the Plaintiff will be able to produce evidence to support his assertions. Seneca, which the Plaintiff alleges currently owns SNAC, also argues that it did not exist at the time of Mr. Johnson's injury. Again, the nature of the corporate relationships (which are necessarily fact dependent) and potential liability can more readily be resolved after the parties have the opportunity to conduct discovery.

negligence claims against non-employers to proceed). Therefore, Pinnacle's motion to dismiss should be granted as to Count Two.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Seneca Coal Resources, LLC's Motion to Dismiss* (Document 36), *Cliffs Natural Resources, Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint* (Document 38) and *Seneca North American Coal, LLC's Motion to Dismiss* (Document 39) be **GRANTED** as to Count One and **DENIED** as to Count Two. The Court further **ORDERS** that *Pinnacle Mining Company, LLC's Motion to Dismiss* (Document 42) be **GRANTED** as to Count Two and **DENIED** as to Count One.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: May 14, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA