IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

RICKY A. JOHNSON, et al.,

           Plaintiffs,

v.                CIVIL ACTION NO. 5:17-cv-03536

PINNACLE MINING COMPANY,
LLC, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

The *Plaintiffs' Response to Motion to Withdraw as Counsel by Steptoe & Johnson, PLLC* (Document 175) contains a request that the Court "enjoin and prohibit the 'Seneca' Defendants from selling, disposing of, or removing its assets from the state of West Virginia."[1] (Resp. at 4.) The Court entered an *Order* (Document 176), directing the Defendants to respond to the request for injunctive relief by 5:00 p.m. on October 4, 2018. The Court has also reviewed *Cliffs Natural Resources, Inc's Response to "Plaintiffs' Response to Motion to Withdraw as Counsel by Steptoe & Johnson"* (Document 177), wherein Cliffs takes no position on the request related to the Seneca Defendants but opposes any relief against Cliffs. The Court has also been informed by Steptoe

---

1 As Defendant Cliffs Natural Resources notes, a request for relief or a court order is properly made by separate motion and including such a request within a response brief is procedurally improper. Fed. R. Civ. P. 7(b)(1). Given the Court's order setting a response deadline, which put all parties on notice, the Court finds that no party is prejudiced by the Court's consideration of the improperly-filed motion.

& Johnson that it has not been given authority or direction regarding any response on behalf of the Seneca Defendants. No other response has been filed.

The Plaintiff in this matter sustained a workplace injury while employed by the Defendant(s). The parties reached a settlement during mediation on June 28, 2018. The Court entered a dismissal order on July 16, 2018. The Plaintiffs sought to re-open the case in a motion filed on August 15, 2018, indicating that Pinnacle Mining Company, LLC, Seneca Coal Resources, LLC, and Seneca North American Coal, LLC failed to comply with the settlement agreement and had not made payments required pursuant to that agreement. The Court scheduled a hearing on the matter for October 17, 2018. On October 2, 2018, Steptoe & Johnson, PLLC filed a motion seeking to withdraw as counsel for Pinnacle Mining Company, LLC, Seneca Coal Resources, LLC, and Seneca North American Coal, LLC (collectively, the "Seneca Defendants"). (Document 174.)

The Plaintiffs responded on October 3, 2018, arguing that the delay that would result from permitting the withdrawal of counsel would prejudice their ability to obtain compliance with the settlement agreement. They state that they "are advised and believe that Pinnacle Mining Company, LLC and the other 'Seneca' Defendants are in the process of closing the Pinnacle Mine, located in Wyoming and McDowell Counties, West Virginia; pulling out and disposing of, selling or relocating the equipment from said mine; selling the mined coal once it is cleared; and otherwise removing their resources from the state of West Virginia." (Resp. at 3.) The Plaintiffs further request injunctive relief to prevent the Seneca Defendants from taking such actions that would defeat the mediated settlement.[2]

---

2 In addition, the Court observes that the Plaintiffs in another matter pending before this Court have filed motions similarly seeking to enforce a mediated settlement against Pinnacle Mining Company, LLC. *See* Surratt *et al.* v.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiffs must satisfy all four requirements. *JAK Prods., Inc. v. Bayer*, 616 F. App'x 94, 95 (4th Cir. 2015) (unpublished, per curiam opinion).

Likelihood of relief on the merits is readily established in this case, given that the issue involves preservation of funds to fulfill a negotiated settlement. The Seneca Defendants have not responded to the Plaintiffs' motion and briefing seeking to enforce the settlement and have given no indication that they are willing or able to fulfill the settlement terms without a Court order, which may entail seizure of property.[3] Thus, the Court finds that the Plaintiffs have adequately shown that they are likely to suffer irreparable harm in the absence of preliminary relief. The balance of equities tips in the Plaintiffs' favor, given their negotiated settlement and the brief time between entry of this order and the scheduled hearing on the motion to enforce the settlement. Finally, the Court finds that an injunction is in the public interest because it serves to ensure that mediated settlements will be honored. The Court again emphasizes that this order serves only to preserve the status quo during the approximately twelve-day period prior to the scheduled hearing.

Accordingly, after careful consideration, the Court **ORDERS** that the Plaintiffs' Motion to Enjoin (Document 175) be **GRANTED**. The Court further **ORDERS** that Pinnacle Mining Company, LLC, Seneca Coal Resources, LLC, and Seneca North American Coal, LLC be

---

Pinnacle, 5:15-cv-15444.

3 Any concern the Court has about the limited evidence supporting allegations that the Seneca Defendants are in the process of disposing of assets is alleviated by the fact that this injunction serves only to prevent such behavior. In other words, if the Defendants are *not* disposing of or removing assets that may be needed to fulfill their agreement, this order will ultimately be of no consequence.

**ENJOINED** from selling, disposing of, or removing assets from the State of West Virginia prior to the hearing scheduled for October 17, 2018. Finally, the Court **DIRECTS** Steptoe & Johnson to ensure that this *Order* is served on Pinnacle Mining Company, LLC, Seneca Coal Resources, LLC, and Seneca North American Coal, LLC.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: October 5, 2018

*[signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA